Statement of the Case.
MONROE, C. J.
The district court gave judgment decreeing exempt from taxation *401 (under article 230 of the Constitution, as-amended pursuant to the proposal contained in Act No. 16 of 1904) certain property owned by defendant in the parishes of Acadia, 'Calcasieu, and St. Landry. The amendment, so far as it need be quoted, reads as follows:
“There shall be exempt from taxation for a period of ten years from the date- of its completion, any railroad or part of railroad that shall have been constructed and completed subsequently to January 1, 1905, and prior to January * * * 1909. This exemption shall include and apply to all * * * rights of way, roadbed, sidings, rails and other superstructures upon such rights of way, roadbed or sidings; and to all depots, station houses, buildings, erections and structures appurtenant to such railroads and the operation of same, but shall not include * * * depots, warehouses, station houses and other structures and appurtenances nor the land upon tohioh they are erected at terminal points, and for wMéh franchises have been granted and obtained; whether same remain the property of the present owner or owners, or be transferred or assigned to any corporation or corporations, person or persons whomsoever. * * * ”
The board of appraisers, the police jury of the parish of Acadia, and the city of Crowley have appealed, averring (as their counsel say, in the brief filed by them on November 30, 1914) that:
“The Supreme Court of this state had recently decided that the property described in plaintiff’s petition, situated in the city of Crowley, was not exempt from taxation, under Act 16 of 1904, and, if the judgment rendered herein was sustained, that both of said parties would be deprived of their right to collect the state, parish and municipal taxes due by the said railroad company on said property. These appeals are now before this court for a decision.
“The sole question to be discussed, in so far as the appellants are concerned, is whether Crowley is a terminal point, under Act 16 of 1904, and whether the said property belonging to the railroad company and assessed to it is liable to taxation or is exempt therefrom as claimed by the railroad company.”
Statement of Facts.
“There is no denial on the part of the appellants that the railroad was completed between January 1, 1905, and January 1, 1909; and that it was in operation about the 1st day of January, 190S. But the only question is whether the lots situated in the city of Crowley are exempt under Act 16 of 1904.”
“The- whple question [the counsel go on to-say, after quoting the Constitution, as we have done], then turns upon whether Crowley is a terminal point, in the sense of the law, and the court has answered this question in the-suit of the Colorado Southern, New Orleans & Pacific R. R. Co. v. City of Crowley et al.,, reported in 134 La. 180, 63 South. 868, holding as follows:
“ ‘Act No. 16 of 1904; exempting railroad' property in conformity with article 230 of the Constitution of 1898, does not exempt depots, warehouses, and other similar pz'operty, nor-the land upon which they are ei’ected at terminal points, and, as the evidence shows that Ci’owley is the terminal point, the above enumerated pz'operty of plaintiff is subject to no-exemption.’ The only diiference between the two suits is that in the present case the question involved is for taxes of 1911 and the claim for a 10-year exemption, while the former suit was simply for the taxes of 1908.”
In briefs subsequently filed, the learned counsel, arguing the question of exemption, vel non, upon its merits, say:
“This act [refen-ing to Act No. 16, of 1904] was passed June 17, 1904, and, under the terms thereof, the l’ailroads which were to he constructed subsequently to January 1, 1905, and prior to Januai-y 1, 1909, were to be exempt from general taxation. Therefore, the law was meant to apply only to the future, and a mere reading thereof shows that it was not the intention of the Legislature to exempt the property of railroads, at terminal points, for which fi-anchises had already been granted at the time of the passage of the act, but the idea was,' and it is clearly expressed in the statute, that at terminal points, in cities where valuable franchises had been granted to a z-ailz-oad at any past or future time, particular class of property should not be exempt from taxation.”
Opinion.
We understand and entirely concur in the-view thus expressed, save in so far as it involves the use of the words, “or future,” which we have italicized; but we confess our inability to comprehend the meaning of legislation which should purport to deal with property or franchise which “had been granted * * * at any * * * future time."
True, it may be said that it was the amendment, and not the statute proposing the amendment, that granted the exemption, and specified the property that should be excepted therefrom, but it is not pretended that the- *403 •plaintiff company acquired the property here •in controversy until after the adoption of the amendment; hence that property fell within the exemption, and not the exception, since, according to our interpretation of the amendment, the excepted property consisted of—
“depots, warehouses, station houses and other structures and appurtenances * * * [and] the land upon which they are [speaking as of the moment when the amendment became effective] erected at terminal points, and for which franchises have been granted and obtained whether same remain [still speaking as of the moment when the amendment became effective] the property of the present owner or owners or be transferred or assigned to any ■corporation or corporations, person or persons whomsoever,” etc.
In the case to which the counsel refer, the .particular question, or distinction, which is here presented does not appear to have been, -at all, considered; but, as counsel say, that case dealt only with the tax of 1908; and, though we think it concludes the plaintiff with respect to that tax, it should not, and does not, control the question of exemption from taxation for subsequent years, which question was, at that time, pending in. this suit in the district court for East Baton Rouge. It is conceded, however, that, acting under its authority, plaintiff has paid four years’ taxes, to wit, those for 1908, 1909, 1910, and 1911, and its rights and obligations with respect thereto will not be dealt with in the decree to be herein entered.
The prayer of the petition in this case is:
“That there be judgment * * * decreeing the above described property to be exempt from taxation and ordering the defendants to can-, ■cel and erase from the books and records of their office the .following state and parish taxes [and there follows a statement of taxes of 1911, which, as we understand, have since been paid].”
The judgment of the district court decrees the exemption of the property in question “for ten years, beginning on January 1,1908,” .and must be amended.
It is therefore ordered that the judgment appealed from be amended by substituting for the figures “1908” the figures “1912,” and, as thus amended, affirmed; the costs of the appeal to be paid by plaintiff.